**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOANNE CANIZARES et al.,** | : | |
| *Plaintiffs*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HARTFORD INSURANCE CO.,** | : | **No. 16-1465** |
| **OF ILLINOIS** | : | |
| *Defendant*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                          MAY 27, 2016

## I.    INTRODUCTION

Joanne and Robert Canizares sued Hartford Insurance Company of Illinois ("Hartford")
in state court, alleging two counts.  Count I alleges breach of contract, asserting that Hartford
failed to fulfill their contractual obligations by fully compensating the Canizareses for damage
caused to their home by a burst water pipe.  Count II alleges a claim for bad faith under 42
Pa.C.S. § 8371.  Having removed the case to this Court on the basis of diversity jurisdiction,
Hartford now moves to dismiss the Canizareses' bad-faith claim pursuant to Federal Rule of
Civil Procedure 12(b)(6).[1]  The Canizareses oppose the Motion.

For the reasons stated herein the Court will grant Hartford's Motion as to Count II and
dismiss the bad-faith claim without prejudice.

## II.    ALLEGATIONS IN THE COMPLAINT[2]

The Canizareses were insured by Hartford under a comprehensive homeowners policy.
The policy covered damages to the premises as well as damages to personal property.  The

---

[1]  Hartford initially argued that both Counts should be dismissed because the Canizareses
had waived the claims by filing a previous action arising from the same transaction or
occurrence.  However, Hartford has since withdrawn its waiver argument.

[2]  The factual summary is based on the allegations in the Complaint, which the Court
assumes to be true for purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Canizareses paid all premiums when due and had satisfied all conditions of their policy.  In February 2015, the Canizareses discovered that frozen pipes within their home had burst and caused extensive water damage to their home as well as to their personal property.  These damages were fully covered under the Canizareses' insurance policy.

Following discovery of the damages, the Canizareses appropriately notified Hartford of their claim and requested compensation for their losses.  Hartford agreed to pay part of the claimed losses but declined to provide all of the demanded compensation.  The Canizareses allege that the unpaid expenses associated with repairing the damages were $123,314.00 as of February 19, 2016 when the Complaint was filed.

## III.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).  The question is not whether the claimant will ultimately prevail, but whether the complaint is

"sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

When deciding a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and internal quotation marks omitted).

## IV.   DISCUSSION

Hartford argues that the Canizareses' bad-faith claim should be dismissed for failing to allege sufficient facts entitling them to relief. To establish a claim for bad faith under 42 Pa.C.S. 8371, "a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 598 (E.D. Pa. 2010) (citing *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 193 (Pa. 2007)). Allegations of mere negligence or bad judgment will not suffice, but rather, a plaintiff is required to "show that the insurer breached its duty of good faith through some motive of self-interest or ill will." *Id.* (quoting *Brown v. Progressive Ins.*

3

*Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).  Any claim for bad faith must be supported by clear and convincing evidence.  *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

The Complaint contains six, rudimentary allegations related to the bad-faith claim, all of which contain legal conclusions which are not entitled to the assumption of truth.  The closest the Complaint comes to alleging a specific fact regarding Hartford's handling of the claim is that Hartford "fail[ed] to respond to Plaintiffs' claim for benefits within a reasonable period of time." Compl. 6.  The Canizareses, however, fail to include any specific dates detailing when the claim was submitted and when Hartford responded.  Conclusory allegations of this nature are not sufficient for a bad-faith claim to survive a motion to dismiss.  *Compare Atiyeh* 742 F. Supp. 2d at 599 (dismissing bad-faith claim where the plaintiff alleged that the defendant "(a) fail[ed] to conduct a reasonable investigation, (b) den[ied] benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregard[ed] the lack of a reasonable basis to deny plaintiff's claim, or (d) assert[ed] policy defenses without a reasonable basis"), *with Padilla v. State Farm Mut. Auto. Ins. Co.*, 31 F. Supp. 3d 671, 676 (E.D. Pa. 2014) (concluding that the plaintiff's bad-faith claim should proceed when the complaint alleged specifically a delay of five months before the defendant made an offer to settle the claim and also that the defendant ignored multiple communications from the plaintiff).

While the Canizareses argue, somewhat incongruously, that Pennsylvania pleading rules should apply in this case, state pleading rules do not apply in federal court.  *See W. Run Student Hous. Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013) (applying

federal pleading rules to state law claims alleged in a case removed to federal court); *Atiyeh*, 742 F. Supp. 2d at 598 ("However, in federal court, state pleading requirements do not apply").[3]

The Canizareses argue that, because Hartford dedicated five pages of its brief to a discussion of the bad-faith claim, Hartford must have sufficiently been put on notice of the claim. Such an argument fails under the standards set forth in *Twombly* and *Iqbal*. Ultimately, the Canizareses have failed to provide "more than labels and conclusions," and it is well established that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

It may well be that facts will develop that would support a bad-faith claim. Indeed, discovery into the handling of this claim will certainly be among the next steps in the case, and it may well be that the Canizareses will seek permission to resume the bad-faith claim. They will be permitted to seek such permission if the facts so warrant.

## V.   CONCLUSION

For the foregoing reasons, the Court grants the Hartford's Motion to Dismiss as to Count II of the Complaint without prejudice, allowing the Canizareses to reassert the bad-faith claim in the event that they acquire appropriate evidence of Hartford's bad faith through discovery.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3] It is also unclear how the application of the Pennsylvania pleading rules would improve the Canizareses' position. *See Rivera v. Dealer Funding, LLC*, No. CV 15-6590, 2016 WL 1535759, at *3 (E.D. Pa. Apr. 15, 2016) (noting a defendant's confusion between "the *stricter* fact-pleading standards of the Pennsylvania Rules of Civil Procedure [and] the liberal pleading requirements of Rule 8(a)" (emphasis added)).